JOE L. WILKINSON, JR. AND SARAH A. WILKINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilkinson v. Commissioner
Docket No. 14136-79.
United States Tax Court
T.C. Memo 1982-429; 1982 Tax Ct. Memo LEXIS 314; 44 T.C.M. (CCH) 614; T.C.M. (RIA) 82429; July 28, 1982. *314 Petitioners filed their 1976 income tax return on or about April 18, 1978. They believed that they had no tax liability and that there would be no sanction for failure to file their income tax return on time. Although petitioners have no section 1 tax liability, they have an income tax liability for 1976 under section 56 (minimum tax). Held: Petitioners did not have reasonable cause for their failure to timely file their 1976 income tax return and so are liable for an addition to tax under section 6651(a)(1), I.R.C. 1954. Joe L. Wilkinson, Jr., pro se. Ben G. Reeves, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent *316 determined a deficiency in Federal individual income tax and an addition to tax under section 6651(a)(1)[1] (late filing) against petitioners for 1976 in the amounts of $7,539.20 and $1,884.80, respectively. After concessions by each side, the issue for decision is whether petitioners have shown that their failure to timely file their 1976 income tax return is due to reasonable cause and not due to willful neglect. FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners Joe L. Wilkinson, Jr. (hereinafter sometimes referred to as "Wilkinson") and Sarah A. Wilkinson, husband and wife, were legal residents of Jacksonville, Florida. At some time in 1975, while Wilkinson was cooperating in respondent's audit of his tax returns for 1974 and earlier years, Wilkinson overheard an agent tell a taxpayer that a taxpayer would not be charged with a late filing addition if the audit resulted in a *317 determination that no tax was due. Wilkinson asked the agent auditing his tax returns if this statement was true and was informed that it was true. Petitioners, calendar year taxpayers, filed their 1976 tax return on or about April 18, 1978. On this tax return, petitioners reported adjusted gross income of $36,156.38, itemized deductions of $42,923.06, and taxable income of -0-; they reported net long-term capital gain of $91,650.29, subtracted $45,825.15 therefrom, and included the remaining $45,825.14 in their adjusted gross income. Petitioners have no taxable income for 1976; however, petitioners are liable for minimum tax in the amount of $6,932.71 for 1976. No extension of time was requested or granted (other than the automatic 60-day extension) for the filing of petitioners' 1976 tax return. Petitioners did not have reasonable cause for failing to timely file their 1976 tax return. OPINION Petitioners maintain that the late filing addition to tax does not apply because (1) no tax was due on their 1976 tax return and (2) they filed their tax return late in good faith. Respondent's position is that the late filing was not due to reasonable cause and so the addition *318 applies. We agree with respondent. Section 6012(a) requires the filing of income tax returns, section 6072(a) sets the due date, and section 6651(a) imposes sanctions for failure to do so timely. Under section 6012(a)(1)(A), an income tax return is to be filed if, for the taxable year, the taxpayer had gross income of $1,000 or more. Petitioners' gross income for 1976 far exceeded this amount. Petitioners do not claim to fall under any of the exceptions from this requirement provided in section 6012(a) and we do not see any exception as applying to them. Indeed, petitioners filed a tax return for 1976, even though no income tax liability was shown on the return. Wilkinson testified that he knew that he was required to file the tax return even though he believed he owed no income tax. Under section 6072(a), petitioners' income tax return for 1976 was to be filed by April 15, 1977. The parties have stipulated that one 60-day extension was granted, that no other extension was requested or granted, and that petitioners' 1976 income tax return was filed on or about April 18, 1978. Accordingly, petitioners failed to timely file their tax return. Section 6651(a)(1)[2] imposes *319 an addition to tax for failure to timely file a required income tax return, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The amount of the sanction is based on the amount of the tax liability (reduced under section 6651(b)(1) by the amount of the tax previously paid, e.g., amounts paid by withholding or as estimated tax). As a result, if there is no tax liability, the amount of the sanction is zero. A good-faith belief that one is not *320 required to file a return does not constitute reasonable cause under section 6651(a)(1), unless bolstered by advice from competent tax counsel who has been informed of all the relevant facts. Stevens Bros. Foundation, Inc. v. Commissioner,39 T.C. 93, 133 (1962), affd. on this point 324 F.2d 633, 646 (CA8 1963). In the instant case: (1) petitioners believed they had no tax liability but they recognized that, nevertheless, they were required to file an income tax return, (2) the advice Wilkinson received went only to the sanction that would be imposed if they had no income tax liability and not to their obligation to file an income tax return, (3) in fact, petitioners have an income tax liability for 1976, and (4) the advice was given in 1975 and there is no showing that it was based on consideration of the facts (or the estimated or expected facts) of 1976. Basically, petitioners took the risk that they could escape a sanction for failing to satisfy their obligation. Such a gamble does not constitute reasonable cause. The gamble did not work out. The fact that the tax for which petitioners are liable is the income tax imposed by section *321 56 (minimum tax) rather than the one imposed by section 1 does not make a difference; both are income taxes under subtitle A upon which the sanction is computed. Petitioners filed their 1976 tax return more than five months late; they are liable for the full 25-percent addition to tax. We hold for respondent. The parties have agreed to a tax liability less than the amount determined in the notice of deficiency. This reduces the amount of the addition to tax. In order to give effect to this agreement. Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩